Dear Representative Hebert:
In your original opinion request of August 1, 1994, and subsequent addendum letter of October 7, 1994 to this office, you posed several questions regarding the legality of gambling at a private country club operated as a non-profit corporation.
Your questions, as I understand them, are:
 1) Can a private country club, a non-profit corporation, run a card room parlor and chess tournaments and take a percentage of the cash prize?
 2) May this same type of country club legally operate other games of chance such as roulette, craps, baccarat, and blackjack?
 3) Are there any state regulations that define what a country club may and may not do, specifically a non-profit corporation run by its own board of governors?
Currently, Louisiana law prohibits all forms of gambling unless specifically excepted from La. R.S. 14:90. The sections of La. R.S. 14:90 pertinent to your request read as follows:
§ 90. Gambling
 A. (1)(a) Gambling is the intentional conducting, or directly assisting in the conducting, as a business, of any game, contest, lottery, or contrivance whereby a person risks the loss of anything of value in order to realize a profit.
 * * *
 C. The conducting or assisting in the conducting of authorized lottery activities or operations in accordance with provisions of R.S. 47:9000 through 9081 shall not be considered gambling for purposes of this section.
 D. The intentional conducting or assisting in the conducting of gaming activities upon a riverboat as defined and authorized in R.S. 4:501 through R.S. 4:562, whereby a person risks the loss of anything of value in order to realize a profit is not gambling and shall not be suppressed by any state or local law enforcement officer.
 E. The intentional conducting or assisting in the conducting of gaming operations at the official gaming establishment as defined and authorized in Chapter 10 of Title 4 of the Louisiana Revised Statutes of 1950 shall not constitute gambling.
Also relevant to your request is La. R.S. 33:4861.15(3):
 No persons, association or corporation permitting the conduct of any such game of chance upon premises owned by him or it, of any game of chance conducted or to be conducted under any license lawfully issued pursuant to this Part, shall be liable to prosecution or conviction for violation of any provision of R.S. 14:90, however, this immunity shall not extend to any person or corporation knowingly conducting or participating in the conduct of any game of chance under any license obtained by any false pretense or statement made in any application for such license or otherwise, or possessing, selling or disposing of shares, tickets, or rights to participate in, or permitting the conduct upon any premises owned by him or it of any game of chance conducted under any license known to him or it to have been obtained by any such false or fraudulent pretense or statement.
None of the exceptions contained within La. R.S. 14:90 apply to country clubs as they pertain only to the State Lottery, Riverboat gaming and the New Orleans land-based casino. The one exception found outside of La. R.S. 14:90 is in the Charitable Raffles, Bingo, and Keno Licensing Law. La. R.S. 33:4861.1 et seq. Depending upon the classification of the country club under the Internal Revenue Code or the application of certain exceptions provided in La. R.S. 33:4861.4, there are a number of games permitted under the Charitable Raffles, Bingo and Keno Licensing Law that may legally be conducted by a licensed, qualified organization. La. R.S. 33:4861.24 allows charitable organizations meeting certain qualifications to conduct fund raising events generally known as "Casino Night" or "Las Vegas Night".
Unless your private country club is licensed pursuant to any of the Chapters exempted from the provisions of La. R.S. 14:90, or pursuant to La. R.S. 33:4861.1 et seq., the activity you describe in your opinion request, whereby the club retains a percentage of the cash prize, would appear to constitute gambling.
There are no provisions of any of the Chapters of the Revised Statutes exempted from La. R.S. 14:90 which are specifically applicable to private country clubs.
Hopefully this opinion addresses your concerns. If this office may be of further assistance please feel free to call.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 ___________________________ By: HAROLD L. LEE Assistant Attorney General
RPI:HLL:lmb